# MASTER EVIDENTIARY CHRONOLOGY & EXHIBIT PACKET: WELCH V. CITY OF CARTHAGE

**Filer / Claimant:** Rev. Mitsy Lynn Welch (Ozarkseer)
**Active Litigation Context:** U.S. District Court for the Western District of Missouri (Case No. 3:26-cv-05034) / 8th Circuit Court of Appeals (Case No. 26-1880)

---

## SECTION I: FACTUAL BASIS & CHRONOLOGICAL EVIDENCE TRAIL

| Date / Timestamp | Core Factual Event & Legal Description | Key Actors Involved | Documented Evidentiary Impact |
|---|---|---|---|
| **January 21, 2026** | **Unlawful Seizure & ADA Violation during Traffic Stop:** Corporal Ransom seized 1 oz of gold bullion and a MO Driver's License without providing a lawful receipt. Mocked Claimant's paraplegia and refused safe medical accommodations. | Corporal Jason Ransom (Carthage PD) | Constitutes primary deprivation of property under color of law (42 U.S.C. § 1983) and a threshold Title II ADA violation. |
| **January 24, 2026** | **Reckless Endangerment:** Sergeant Adams pressured Claimant to operate a vehicle on hazardous ice for administrative convenience, directly ignoring physical medical limitations and safety warnings. | Sergeant Adams (Carthage PD) | Establishes a repeated pattern of deliberate indifference to severe medical vulnerabilities. |

| Date / Timestamp | Core Factual Event & Legal Description | Key Actors Involved | Documented Evidentiary Impact |
|---|---|---|---|
| **February 23, 2026** (5:30 PM) | **Public Safety Committee Session / Monell Notice:** Claimant attended and formally placed municipal leadership on direct administrative notice regarding the unlawful seizure of gold and lack of due process. | Alan Snow, Ray West, Juan Topete, Mayor David Flanigan, Chief Chad Dininger | Establishes threshold *Monell* notice. Officials failed to act or rectify, effectively ratifying the misconduct. |
| **February 24, 2026** | **Full City Council Session / Extended Notice:** Broad verbal record delivered directly to the City Council regarding administrative non-compliance, missing receipts, and due process restrictions. | Full Carthage City Council, Mayor Bren Flanigan | Expands the liability notice to the entire legislative and executive branch of Carthage municipal governance. |
| **March 3, 2026** | **Resurrection of "Ghost Case" #190199522:** A 74-year-old historic municipal record from 1952 tied to the name "Lyla Welch" was digitized and weaponized to execute an out-of-jurisdiction "Directed Patrol" into Joplin. | Carthage PD Records Custodian / IT | Demonstrates record fraud and bad-faith manipulation of stale, time-barred data to conduct multi-jurisdictional targeted harassment. |
| **March 10, 2026** (5:14 AM) | **Service of Writ of Quo Warranto & Demand for Cure:** Formal administrative notice served to | City Administrator, Mayor, City Clerk | Triggered an admission by silence under corporate and administrative standard procedure |

| Date / Timestamp | Core Factual Event & Legal Description | Key Actors Involved | Documented Evidentiary Impact |
|---|---|---|---|
| | respondents outlining structural City Charter violations (Sections 3.1 & 3.7) with a 12-hour response window. | | after 19 days passed with zero rebuttal. |
| **April 28, 2026** | **The "Lab vs. Shelf" Discrepancy & Physical Expulsion:** Chief Dininger asserted publicly on broadcast that the gold was at the State Lab in Jefferson City. 40 minutes later, official internal testimony placed it on a precinct evidence shelf. | Chief Chad Dininger, Officer Salinas, Mayor Bren Flanigan | Smoking gun evidence of perjury (RSMo 575.040) and stealing by deceit. Physical removal of Claimant from the forum constitutes illegal tampering with an active federal witness. |

# SECTION II: STRUCTURAL ANALYSIS OF THE "GHOST RE-STRING" FRAUD

The municipal court records demonstrate a highly coordinated sequence designed to create an artificial judicial anchor:

- **The 190-Series (Historical Base):** Cases #190199511, #190199522, and #190199523 exist as archaic utility entries dating back to 1952. By resurrecting these 74-year-old files, the city bypassed standard 3-to-10-year municipal statutes of limitations. This violates the *Doctrine of Laches* and the Confrontation Clause, as original historical clerks and adjudicators are entirely deceased.
- **The 240-Series (Active Funneling):** Modern active charges (Cases #240482435 and #240482436) are funneled through the exact same Carthage Municipal Division venue (Memorial Hall) under Judge Workman. This allows ancient, flawed identities to stay pinned to active contemporary prosecution files.

# SECTION III: MUNICIPAL LIABILITY & CONSPIRACY ELEMENTS

The compiled email data outlines three core areas of municipal exposure:

1. **Monell Ratification:** A total of 14 key public officials—including Committee Chair Alan Snow, Mayor Bren Flanigan, City Attorney Jon Gold, and Council members Taylor, Peterson, Thorn, Kang, Schramm, and Wells—were actively put on notice across February and March. Their absolute silence and refusal to initiate internal reviews under Charter rule sets strips them of individual qualified immunity.
2. **Federal Grant Divergence:** Public records demands focus on MoDOT Highway Safety Grant parameters. Evidence points to Carthage PD executing "Directed Patrols" across city limits into Joplin using traffic safety funding to perform targeted servers on time-barred 1950s cases.
3. **Irreparable Collateral Injury:** The systematic holding of primary identification records and core precious metal capital has triggered a total asset freeze. The claimant's car remains in impound due to lack of standard credential access, and her 30-year veteran career as a media consultant and ordained minister has been forcibly disrupted.